UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| VIVIAN JANET BOWMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 09-30-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| DAVID STENGEL, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Vivian Janet Bowman has filed a *pro se* Complaint alleging civil rights violations under 42 U.S.C. § 1983. She has named David Stengel, a former prosecutor and state legislator, Commonwealth Attorney Robert D. Adler (who she claims works in the Office of the Kentucky Secretary of State), and "The Political State of Kentucky" as Defendants. Since Bowman seeks to proceed *in forma pauperis*, her Complaint is subject to review under 28 U.S.C. § 1915(e)(2). *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1998), *overruled on other grounds*.

As an initial matter, the Court recognizes that *pro se* litigant's pleadings are to be liberally construed, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), and all allegations are taken as true. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case if it determines the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from the being relief sought. 28 U.S.C. § 1915(e)(2)(B).

For the reasons explained below, Bowman's § 1983 claim against Defendant Political State of Kentucky will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted. In addition, her § 1983 claims against Defendants Stengel and Adler will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), because she seeks money damages from defendants immune from such relief. Accordingly, Bowman's Complaint will be dismissed in its entirety and her motion to proceed *in forma pauperis* will be denied as moot.

## I.     Bowman's Claims

In 1983, Plaintiff Vivian Bowman pled guilty to a charge of assault under extreme emotional disturbance and received a sentence of five years probation. Bowman now denies she was guilty of this assault. In 1990, her civil rights were restored *via* an executive pardon by then-Kentucky Governor Wallace Wilkinson. However, in April 2009, Bowman was denied entry into Canada by Canadian Border Patrol Officials who told her their computers indicated she still had the 1983 conviction on her record.

Bowman has now filed a *pro se* complaint against Defendants Stengel, Adler, and the Political State of Kentucky. Bowman's precise claims are difficult to comprehend and are best explained in her own words. After explaining her 1990 pardon and the recent denial of entry into Canada, Bowman makes the following assertions:

> Ky. is my home state where I was born, raised & educated. Kentucky this political state intentionally oppressive me every where. This white culture of Kentucky does not let me participate in society. This white culture of Ky. does not allow me to work & have an income & I object. It always sexual harassment by men & women & oppression.

> Defendant David Stengel was the Ky. state prosecutor who did this terrible wrong to me & he is Ky. state legislator. David Stengel has a string of prostitutes. David Stengel is a pimp & he gets big money for this.
>
> Because other wrongs after my divorce in 1984 I was allowed no money and no work. My beautiful son Morgan was in foster care here in Frankfort—his foster parent was Ms. Berry who works for Ky. state legislature. Berry <u>molested</u> my son. Berry and David Stengel did this terrible wrong to my minor son & may God almighty kill David Stengel & Berry. This is My Prayer.

[Record No. 3, p. 3] (underlining, grammar, and capitalization are original). When asked to explain the Defendants' alleged violations, Bowman wrote:

> Federal Judge, Ky. women doing sex on my husband caused my divorce—lost marriage, money & home. Now women not allow me to work & have income. This is dirty Ky. political David Stengel. In 1983 I had no jury trial, <u>I Did Not Assault Anyone</u>. This Whole Thing Is <u>Fraud</u>.

[*Id.*, p. 3] (underlining, grammar, and capitalization are original). Finally, Bowman seeks the following relief for the Defendants' alleged violations of her civil rights:

> I want Ky. political fraud to stop. I want this dirty whore Ky. political state to pay my beautiful son 3 million dollars, because they did sexual things on a minor and they raped his mother. The state of Ky. is a dirty whore. The women are dirty old whores, their mothers are whores, and their fathers are whoremongers David Stengel.

[*Id.*, p. 8] (grammar is original).

**II. Discussion**

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties. 42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). To state a valid § 1983 claim, Bowman must establish that: (1) she was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law. *Redding v. St. Eward*,

241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

The Court construes Bowman's § 1983 claim against Defendant "Political State of Kentucky" as being a claim against the Commonwealth of Kentucky.  However, § 1983 creates no remedy against a State.  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 526 (6th Cir. 2004) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 49 (1997)).  Therefore, Bowman's § 1983 claim against the Defendant Political State of Kentucky will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, assuming that Bowman could establish *prima facie* § 1983 claims against Defendants Stengel and Adler in their official capacities, she could not receive the $3 million monetary damages she seeks.  The Eleventh Amendment creates a jurisdictional bar to suits against state employees sued in their official capacities for money damages.  *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (citing *Will*, 491 U.S. at 71 (1989)).  Therefore, to the extent that Bowman's Complaint alleges § 1983 claims against Defendants Stengel and Adler in their official capacities, these claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Bowman does not indicate whether she is also suing Defendants Stengel and Adler in their individual capacities.  While it is preferred that a plaintiff explicitly state if he or she is suing a defendant in his or her individual capacity, "failure to do so is not fatal if the course of proceedings otherwise indicate that the defendant received fair notice." *Moore*, 272 F.3d at 772.  However, even liberally construing Bowman's Complaint, there is nothing within it that would

provide reasonable notice to Defendants Stengel and Alder that they are also being sued in their individual capacities. Therefore, her Complaint will be construed as only alleging claims against Defendants Stengel and Alder in their official capacities.

### III. Conclusion

For the reasons explained herein, it is hereby **ORDERED** as follows:

(1)  Plaintiff Vivian Janet Bowman's Complaint [Record No. 3] is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

(2)  Plaintiff Vivian Janet Bowman's motions to proceed *in forma pauperis* [Record Nos. 2 and 8] is **DENIED** as moot.

This 6th day of August, 2009.



Signed By:
*Danny C. Reeves* DCR
United States District Judge